**Norman CUMBERLAND and Robert Smith, d/b/a Forest Farms, Plaintiffs-Appellants,**

v.

**DEPARTMENT OF AGRICULTURE OF the UNITED STATES of America, Defendant-Appellee.**

No. 75–1789.

United States Court of Appeals, Seventh Circuit.

Argued Jan. 22, 1976.

Decided July 9, 1976.

As Amended on Denial of Rehearing Aug. 18, 1976.

Roland Obenchain, Robert W. Mysliwiec, South Bend, Ind., for plaintiffs-appellants.

John R. Wilks, U. S. Atty., John S. Leonardo, Asst. U. S. Atty., South Bend, Ind., for defendant-appellee.

Before FAIRCHILD, Chief Judge, and CUMMINGS and PELL, Circuit Judges.

PELL, Circuit Judge.

Plaintiffs filed this action to seek compensation for swine destroyed at the direction of the defendant. The district court found that the facts of the case were not in dispute and granted summary judgment in favor of the defendant. Plaintiffs appeal urging that a regulation upon which the district court relied is invalid because it conflicts with a statute.

The district court found that plaintiffs purchased feeder pigs and slaughter swine in South Carolina and transported them to

Indiana. The transportation violated certain restrictions contained in regulations adopted by the Secretary of Agriculture, but it is undisputed that the plaintiffs were neither aware of the rules nor their violations. Following the completion of the interstate transportation, there was an outbreak of hog cholera attributable to the animals in question.

Upon discovery that the hogs were diseased, plaintiffs cooperated fully with state and federal authorities in the destruction of the hogs. The plaintiffs understood that they would be compensated jointly by the state of Indiana and the Department of Agriculture. The state has paid one-half the appraised value of the swine, but defendant refused to pay. Plaintiffs brought this action alleging jurisdiction under 28 U.S.C. § 1346.

The district court granted summary judgment for the defendant on the grounds that the claim was not allowable under the Secretary's regulations. The relevant regulation provides:

> The Department will not allow claims if the claimant has failed to comply with any of the Department regulations or quarantine regulations of the cooperating State pertaining to hog cholera . . ..

9 C.F.R. § 56.8(b). The regulation was initially promulgated under an 1884 statute dealing with the eradication of certain diseases. The 1884 act, as amended, provides:

> The Secretary of Agriculture, either independently or in cooperation with States or political subdivisions thereof, farmers' associations and similar organizations, and individuals, is authorized to control and eradicate *any communicable diseases of livestock or poultry, including, but not limited to* . . . hog cholera and related swine diseases . . . incipient or potentially serious minor outbreaks of diseases of animals, and contagious or infectious diseases of animals (such as . . .) which in the opinion of the Secretary constitute an emergency and threaten the livestock industry of the country, including the payment of claims growing out of destruction of animals

> . . . in accordance with such regulations as the Secretary may prescribe. . . .

21 U.S.C. § 114a.

Prior to 1962 the statute primarily applied to listed diseases. The list from time to time had been expanded. In 1962 the statute was amended by adding the italicized language making it a statute of general application to "any communicable diseases." Additionally, the 1962 act provided that when the Secretary deemed it necessary to guard against the introduction or dissemination of a communicable disease of livestock or poultry, he could seize, quarantine, and dispose of:

> (1) any animals which he finds are moving or are being handled or have moved or have been handled in interstate or foreign commerce contrary to any law or regulation administered by him for the prevention of the introduction or dissemination of any communicable disease of livestock or poultry; (2) any animals which he finds are moving into the United States, or interstate, and are affected with or have been exposed to any communicable disease dangerous to livestock or poultry; and (3) any animals which he finds have moved into the United States, or interstate, and at the time of such movement were so affected or exposed.

21 U.S.C. § 134a(a). The 1962 act further contains an emergency provision similar to that in the 1884 act quoted above. 21 U.S.C. § 134a(b). Finally, and most significantly in this case, the 1962 act provides that the Secretary "shall compensate" the owner of any livestock destroyed pursuant to the provisions of 21 U.S.C. § 134a unless compensation is prohibited by section 134a(e). 21 U.S.C. § 134a(d). Section 134a(e) provides:

> No such payment shall be made by the Secretary
> [1] for any animal, carcass, product, or article which has been moved or handled by the owner thereof or his agent *knowingly* in violation of
> [a] a law or regulation administered by the Secretary for the prevention of

the interstate dissemination of the communicable disease, for which the animal, carcass, product, or article was destroyed

or [b] a law or regulation for the enforcement of which the Secretary enters or has entered into a cooperative agreement for the control and eradication of such disease,

or [2] for any animal which has moved into the United States contrary to such law or regulation administered by the Secretary for the prevention of the introduction of a communicable disease of livestock or poultry.

(Emphasis, subsection references, and indentations added for clarity and ease of reference in this opinion.)

Plaintiff argues that the regulation relied on by the district court, which was originally issued under the 1884 act, conflicts with the 1962 act and is therefore invalid to the extent of the conflict. *Scofield v. Lewis,* 251 F.2d 128, 132 (5th Cir. 1958). The defendant does not dispute that a conflicting statute would invalidate a prior regulation but argues that the regulation does not conflict with the statute or, at least, that it is within the scope of the Secretary's discretion so to interpret the statute and regulation. *Bowles v. Seminole Rock & Sand Co.,* 325 U.S. 410, 414, 65 S.Ct. 1215, 89 L.Ed. 1700 (1945).

Defendant argues that section 114a is a specific statute dealing, *inter alia,* with hog cholera and that it therefore controls over section 134a, a general statute. The problem with this theory is that after the 1962 amendment, section 114a is a general statute applicable to "any communicable diseases."

The legislative history of the 1962 act provides little help in determining the intention of Congress. It indicates that the purpose of the act was to give the Secretary general authority to prevent the spread of any diseases. The Secretary previously only had authority to prevent the spread of specific diseases under various statutes. H.R.Rep. No. 1516, 87th Cong., 2d Sess. (1963), U.S.Code Cong. and Admin.News

1822 (1962). Congressional thought regarding compensation is not indicated in the reports, but two conflicting considerations are obvious. Denying compensation where regulations have been violated would tend to encourage familiarity with the law and promote compliance. Allowing compensation regardless of violations would tend to encourage voluntary disposal once disease has been discovered.

It is our opinion that Congress struck a balance between these two considerations by providing that compensation would only be withheld in cases such as the one before us if knowing violations occurred. One or more of the subparts of section 134a(a) provided the Secretary with sufficient authority to act in a case such at this. Section 134a(d) indicates in mandatory language that compensation shall be paid when livestock is destroyed pursuant to section 134a unless payment is prohibited by section 134a(e). None of the prohibitions of section 134a(e) apply to the facts in this case; however, the clause in section 134a(e) which we have denominated [1] [b] contemplates some overlap of sections 114a and 134a and therefore indicates that Congress intended the knowledge requirement of 134a(e) to control. The Secretary in another context recognized that there was some overlap of coverage because he amended 9 C.F.R. § 56.7, a regulation dealing with the destruction of swine exposed to hog cholera, in part on the authority of sections 134a–h.

We understand that it is difficult in many cases to determine whether a person had knowledge that his conduct was unlawful. Nevertheless, we do not believe this is a sufficient basis for us to restrict the scope of benefits which in our opinion Congress intended to grant.

We do not hold that 9 C.F.R. § 56.8(b) is facially invalid but rather hold that it may not be validly applied to prohibit compensation in cases where section 134a provides authority to dispose of livestock. Conceptually, at least, cases could exist where section 114a would provide the Secretary with authority to act but section 134a would not. Our holding in this case does not prohibit

the Secretary from applying section 56.8(b) in such a situation, but whether other considerations would prevent the Secretary from acting in such a case is not before us.

The district court found that there was no material issue of fact in this case. This finding is undisputed on appeal. We have found that the plaintiffs must prevail on the law. The judgment of the district court is therefore reversed, and the case is remanded for the entry of summary judgment in favor of plaintiffs and for computation of damages.

In its petition for rehearing, the government challenges our assertion that it is undisputed that the plaintiffs were neither aware of the rules nor their violations. The record shows, however, that plaintiffs supported their motion for summary judgment with affidavits asserting their lack of knowledge. The government's response argued that lack of knowledge was immaterial, but failed to show or suggest any genuine issue as to the fact.

REVERSED AND REMANDED.